Eric Oswaldo **HERMIDA RUIZ**; Reyna Mejia Neri, Petitioners,

v.

Eric H. **HOLDER**, Jr., Attorney General, Respondent.

No. 07–71767.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2009.*

Filed March 25, 2009.

Eric Oswaldo Hermida Ruiz, Santa Ana, CA, pro se.

Reyna Mejia Neri, Santa Ana, CA, pro se.

CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Jeffery R. Leist, Trial, OIL, Lisa Marie Arnold, Senior Litigation Counsel, Stacy Stiffel Paddack, Carlos J. Ruiz, Esquire, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent.

Before: LEAVY, HAWKINS, and TASHIMA, Circuit Judges.

MEMORANDUM **

Eric Oswaldo Hermida Ruiz and Reyna Mejia Neri, spouses and natives and citi-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

zens of Mexico, petition pro se for review of the Board of Immigration Appeals' order summarily affirming an immigration judge's ("IJ") decision denying their applications for cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law. *Molina–Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir.2002). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the IJ's discretionary determination that Mejia Neri failed to show the requisite hardship to a qualifying relative. *See Martinez–Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir.2005).

To the extent Petitioners contend that the IJ did not adequately consider their evidence of hardship, Petitioners have not stated a colorable due process claim in light of the record. *See id.*

The IJ correctly concluded that Hermida Ruiz was statutorily ineligible for cancellation of removal because he lacked a qualifying relative. *See* 8 U.S.C. § 1229b(b)(1)(D); *Molina–Estrada*, 293 F.3d at 1093–94.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.